Ellen O'Hara Woods (EW 5338)
CONDON RESNICK, LLP
96 South Broadway
Nyack, New York 10960
(845) 358-8900 Telephone
(845) 358-8901 Facsimile

*Attorneys for Plaintiff, Data-Com Telecommunications, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

DATA-COM TELECOMMUNICATIONS, INC.,

                                 Plaintiff,

    -against-

EMPIRE INTERNATIONAL, LTD.,

                                Defendant.

--------------------------------------------------------------------X

Civil Action No.
07 CV 3207 (WHP)

**NOTICE OF MOTION
TO REMAND**

      TO:    Steve M. S. Madra, Esq.
              COLE, SCHOTZ, MEISEL,
              FORMAN & LEONARD, P.A.
              Attorneys for Defendant, Empire International, Ltd.
              900 Third Avenue, 16th Floor
              New York, NY 10022-4728

**PLEASE TAKE NOTICE** that, on June 11, 2007 at 9:00 a.m., or soon thereafter as counsel

may be heard, Plaintiff Data-Com Telecommunications, Inc., ("Plaintiff"), shall move before the

Honorable William H. Pauley, Judge of the United States District Court for the Southern District of

New York, located at 500 Pearl Street, New York, New York 10007, for an Order granting Plaintiff's

Motion to Remand;

**PLEASE TAKE FURTHER NOTICE** that, in support of the within Motion, Plaintiff shall

rely upon the annexed Memorandum of Law and accompanying exhibits.

Dated: Nyack, New York
      May 15, 2007

                    CONDON RESNICK, LLP

                    By: _____/s_____
                    ELLEN O'HARA WOODS (EW 5338)
                    Attorneys for Plaintiff
                    96 South Broadway
                    Nyack, New York 10960
                    (845) 358-8900

Ellen O'Hara Woods (EW 5338)
CONDON RESNICK, LLP
96 South Broadway
Nyack, New York 10960
(845) 358-8900 Telephone
(845) 358-8901 Facsimile

*Attorneys for Plaintiff, Data-Com Telecommunications, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DATA-COM TELECOMMUNICATIONS, INC.,

                         Plaintiff,
                                                        Index No. 07-CV-3207 (WHP)

        -against-


EMPIRE INTERNATIONAL, LTD.,

                         Defendant.
-------------------------------------------------------------------X


---

### PLAINTIFF DATA-COM TELECOMMUNICATIONS, INC.'S
### MEMORANDUM OF LAW
### IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

---

**CONDON RESNICK, LLP**

Ellen O'Hara Woods (EW 5338)
96 South Broadway
Nyack, New York 10960
(845) 358-8900

Attorneys for Plaintiff *Data-Com
Telecommunications, Inc.*

TABLE OF CONTENTS

PAGE

I.   PRELIMINARY STATEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  RELEVANT FACTUAL BACKGROUND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III. LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        A. The 30-day Time Limit of 28 USC §1446(b) Is To Be Strictly Construed . . . 3
        B. The Parties' Forum Selection Clause Should Be Enforced . . . . . . . . . . . . . . . 4
        C. The Plaintiff is Entitled to Costs and Attorney's Fees  . . . . . . . . . . . . . . . . . . 6

IV.  CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

TABLE OF AUTHORITIES

STATUTES

*New York CPLR §3012(c)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*28 USCA §1332* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*28 USCA §1446(b)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*28 USCA §1447(a)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*28 USCA §1447(c)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 5

CASES

*Bense v. Interstate Battery System of America, 683 F.2d 718, 720 (2d Cir. 1982)* . . . . . . . . . . . 6

*Boland v. Bank-Sepah-Iran, 614 F.Supp. 1166, 1169 (DCNY 1985)* . . . . . . . . . . . . . . . . . . . 4

*Botelho v. Presbyterian Hospital In the City of New York, 961 F.Supp. 75 (SDNY 1997)* . . . 3

*Chevalier v. USA Exp. Moving & Storage, 2004 WL 1207874 (SDNY 2004)* . . . . . . . . . . . . . . . 5

*General Electric Company v. Southwest Silicone Company, 1991 WL 16022 (NDNY 1991)* . . . . 5

*General Ins. Co. of America v. Tilcon New York, Inc., No 96 Civ. 1258, 1996 WL 389265 at *1 (SDNY July 11, 1996)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In Re NASDAQ Mkt. Makers Antitrust Litig., 929 F.Supp. 174, 178 (SDNY 1996)* . . . . . . . . . . 4

*Jones v. Weibrecht, 901 F.2d 17, 18-19 (2d Cir. 1990)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Martopico Compania Naviera S.A. v. Perusahaan, 428 F.Supp. 1035, 1038 (SDNY 1977)* . . 3

*Morgan Guarantee Trust v. Republic of Palau, 971 F.2d 917, 923 (2d Cir. 1992)* . . . . . . . . . . 6

*Seward v. Devine, 888 F.2d 957, 962 (2d Cir. 1989)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Somlyo v. J.Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)* . . . . . . . . . . . . . . 3

*The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United Food & Commercial Workers Union v. Centermiark Properties Meriden Square, Inc.*,
*30 F.3d 298, 301 (2d Cir. 1994)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Villano ex rel. Villano Kohl's Department Stores, Inc.*, 362 F.Supp.2d 418, 419 (SDNY 2005)  . 4

## I.    PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. §1447(c), Plaintiff Data-Com Telecommunications, Inc., ("Data-Com") submits this Memorandum of Law in Support of Plaintiff's Motion to Remand the instant matter back to the Supreme Court of the State of New York for the County of Rockland. For the reasons discussed below, Plaintiff's motion to remand should be granted in its entirety.


## II.    RELEVANT FACTUAL BACKGROUND

On or about May 26, 2005, Data-Com and Empire International, Inc. ("Empire") entered into a Service Maintenance Agreement ("Agreement") whereby Data-Com would perform certain maintenance services to Empire's Option 61C telecommunications system.    The term of the Agreement was for a three-year period commencing on June 1, 2005. The annual fee for Data-Com's services was to be paid in quarterly installments of $9,750 each. As of December 19, 2006, Empire was indebted to Data-Com in the sum of $33,060.66 for services rendered but not paid for.

Pursuant to Paragraph 10 of the Agreement, "[i]f Customer fails to make any payment to DATA-COM promptly when due . . . upon twenty (20) days written notice, Customer shall be in default hereunder, and all unpaid amounts shall, at DATA-COM's option, become immediately due and payable." By letter dated December 26, 2006, through its attorney, Data-Com provided Empire with written notice that it was indebted to Data-Com in the sum of $33,060.66 for services rendered but not paid.  Empire was advised that, at the expiration of the said twenty (20) days, it would be held in default pursuant to the terms of the Agreement and all unpaid amounts shall become immediately due and payable.

Pursuant to Paragraph 16 of the Agreement, the parties consented to the jurisdiction of the courts of the State of New York.  Further, pursuant to Paragraph 21 of the Agreement, "If DATA-

1

COM is required to incur any costs or expenses due to the Customer's failure to perform any obligation or make any payment due hereunder, DATA-COM shall be entitled to recover from Customer, in addition to any amounts due under this Agreement, all such costs and expenses, including, without limitation, all reasonable attorney's fees, court and related costs."

When Empire did not make timely payment as demanded, Data-Com commenced the instant action by the filing of a summons and complaint (a copy of which is annexed hereto as **Exhibit "A"**) in the Supreme Court of the State of New York for the County of Rockland, claiming breach of contract, unjust enrichment and cost of collection. Empire was personally served with the summons and complaint on March 9, 2007 at 55 Walnut Street, Norwood, New Jersey 07648 (a copy of the Affidavit of Service is annexed hereto as **Exhibit "B"**). Empire's assertion that it was served on March 21st (Petition for Removal at paragraph 5) is incorrect.

Because Empire was personally served outside New York state on March 9, 2007, Empire's time to bring a Petition for Removal expired 30 days later, on April 8, 2007. Empire's Petition, which was not filed until April 20, 2007, is therefore untimely.

Perhaps mindful of the lateness of this petition, Empire incorrectly asserts that it was "served via the New York Secretary of State with a Summons and Complaint in this action through its registered corporate agent" (*See* Petition for Removal at paragraph 4). In fact, Empire was personally served at its offices in New Jersey (*See* Affidavit of Service annexed hereto as **Exhibit "B"**). Donna Baringer, who identified herself as a person authorized to accept service on behalf of Empire, was personally served with a copy of the summons and verified complaint at Empire's offices on March 9, 2007 (*see* Affidavit of Karen Bell, annexed hereto as **Exhibit "C"**). Because Empire was personally served outside the state, it had thirty days in which to answer. CPLR §3012(c). Thus, Empire's Answer was due on April 8, 2007. Empire did not file an Answer.

On April 20, 2007, after their time to Answer had already expired, Empire filed a Petition for Removal of the matter to this Court from the state court, claiming that the grounds for removal are diversity of citizenship pursuant to 28 USCA §1332. However, since it was filed more than thirty days after service of the summons and complaint, Empire's Petition is untimely and should be dismissed. Moreover, this Court should give effect to the parties' Agreement, which includes a forum selection clause granting the Courts of New York State jurisdiction over any controversy stemming from said Agreement. Thus, the Plaintiff's Motion to Remand should be granted, and Plaintiff should be awarded reasonable costs and attorneys fees incurred in bringing the instant motion for remand.

## III.    LEGAL ARGUMENT

### A.    The 30-day Time Limit of 28 USC §1446(b) Is To Be Strictly Construed

"A notice of removal must be filed 'within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief....'" *Botelho v. Presbyterian Hospital In the City of New York, 961 F.Supp. 75 (SDNY 1997), citing 28 USC §1446(b)*. Moreover, "[w]hen applying Section 1446(b), '[t]he Court is to construe the thirty-day period narrowly, resolving any doubts against removability.'" *Botelho v. Presbyterian Hospital In the City of New York, 961 F.Supp. at 77, citing Gen. Ins. Co. of America v. Tilcon New York, Inc., No. 96 Civ 1258, 1996 WL 389263 at *1 (SDNY July 11, 1996), quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)*.

Notably, while there is an exception to 28 USC §1446(d) if defendant shows cause (28 USC §1441(d), *Martropico Compania Naviera S.A. v. Perusahaan, 428 F.Supp 1035, 1038 (SDNY 1977)*), "[a] showing of cause to justify an extension of the section 1446(b) time requirement is rarely found, in keeping with the practice of construing the removal statutes in favor of remand."

3

*Boland v. Bank Sepah-Iran, 614 F.Supp. 1166, 1169 (DCNY 1985) ("To justify an extension of the thirty-day removal period, defendant must demonstrate some unusual set of circumstances.")*

Empire has shown no circumstances to support an extension of the thirty-day time period of 28 USC §1446(d). Empire's contention that it was served with the summons and complaint on March 21, 2007, is directly refuted by the affidavit of service (annexed hereto as **Exhibit "B"**) as well as the affidavit of Karen Bell (annexed hereto as **Exhibit "C"**), which confirm that the summons and complaint were served on March 9, 2007. Therefore, Empire's petition is untimely and, since Empire does not proffer any basis to extend the time requirements of 28 USC §1446(d), the Petition must be dismissed.

### B.  The Parties' Forum Selection Clause Should Be Enforced

"A defendant may remove a cause of action that was originally filed in state court provided the action is one 'of which the district courts of the United States have original jurisdiction.' 28 USC §1441(a). Removal jurisdiction is <u>strictly construed</u> inasmuch as it implicates significant federalism concerns and abridges the deference courts generally give to a plaintiff's choice of forum." *Villano ex rel. Villano v. Kohl's Department Stores, Inc., 362 F.Supp.2d 418, 419 (SDNY 2005)(emphasis added), citing In Re NASDAQ Mkt. Makers Antitrust Litig., 929 F.Supp. 174, 178 (SDNY 1996)* ("Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns.")

Thus, "[u]nder 28 USC §1447(c), the district court shall remand a case to state court if at any time before final judgment it appears the district court lack subject matter jurisdiction." *Chevalier v. USA Exp. Moving & Storage, 2004 WL 1207874 (SDNY 2004).* "If the district court lacks subject matter jurisdiction, remand to the state court is mandatory." *United Food & Commercial Workers*

4

*Union v. Centermark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994)*. It is Empire's burden to show that this Court has subject matter jurisdiction.

Empire has not established this Court's jurisdiction over the instant controversy. This matter should be remanded to the state court based on the forum selection clause which is part of the parties' Agreement. The Supreme Court has determined that forum selection clauses should be enforced in admiralty cases (*The Bremen v. Zapata Off-Shore Co., 407 US 1, 15 (1972)*), and the Second Circuit has held that such clauses should be enforced in diversity cases as well. "When a specific court is identified in the contract as being the court with jurisdiction over all litigation arising out of disputes concerning a breach or interpretation of any term of the contract, all litigation must be brought in that court." *General Electric Company v. Southwest Silicone Company, 1991 WL 16022, *5 (NDNY 1991), citing Seward v. Devine, 888 F.2d 957, 962 (2d Cir. 1989)*. "Similarly, when the contract provides a specific state court with exclusive venue for litigation between the parties on the basis of the agreement, a federal court must enforce the contractual venue choice by remanding to that specific state court." *General Electric Company v. Southwest Silicone Company, 1991 WL 16022 at *5, citing Jones v. Weibrecht, 901 F.2d 17, 18-19 (2d Cir. 1990)*.

Thus, the parties' forum selection clause should be given conclusive effect. Paragraph 16 of the parties' Agreement provides that "[t]he parties hereto consent to the jurisdiction of the Courts of the State of New York, and this Agreement shall be construed in accordance with and governed under the laws of the State of New York, except for its conflict of laws provision" (*see* Exhibit "A"). This clause was "part of the bargain into which [the defendant] freely entered, and must therefore be enforced." *General Electric Company at *5, citing Bense v. Interstate Battery System of America, Inc., 683 F.2d 718, 720 (2d Cir. 1982)*.

**C.    The Plaintiff is Entitled to Attorney's Fees and Costs**

28 U.S.C. §1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." The award of costs is discretionary, and a finding that the removing party acted in bad faith is not required. *Morgan Guarantee Trust v. Republic of Palau, 971 F.2d 917, 923 (2d Cir 1992)* (the statute does not address bad faith but instead "focus[es] strictly on the absence of subject matter jurisdiction.")

Given that the Petition for Removal is untimely, and that this Court lacks subject matter jurisdiction, this action was improperly removed from the New York State Supreme Court. Thus, pursuant to 28 USC §1447(c), the Plaintiff is entitled to reasonable attorney's fees and costs incurred in bringing the instant action for remand.

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Remand and grant Plaintiff reasonable costs and attorney's fees incurred in connection therewith.

CONDON RESNICK, LLP


By: _Ellen O'Hara Woods_
ELLEN O'HARA WOODS (EW 5338)
96 South Broadway
Nyack, New York 10960
(845) 358-8900
*Attorneys for Plaintiff*

6