UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

DATA-COM TELECOMMUNICATIONS, INC.,

        Plaintiff,

-against-

EMPIRE INTERNATIONAL LTD.,

        Defendant.

---

Case No.: 07 CV 3207


**MEMORANDUM OF LAW IN SUPPORT OF
CROSS-MOTION TO AMEND PETITION FOR REMOVAL
AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

 

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Attorneys for Defendant
Empire International Ltd.
Leo V. Leyva (LL-9061)
900 Third Avenue
New York, NY 10022
(212) 752-8000
(212) 752-8393 Facsimile

42540/0027-3106238v2

# TABLE OF AUTHORITIES

**CASES**                                                                                                                                                              **PAGES**

Belido-Sullivan v. American International Group, Inc., 123 F. Supp. 2d 161 (S.D.N.Y. 2000) ..................................................................................................12

Coface v. Optique Du Monde, Ltd., 521 F. Supp. 500 (S.D.N.Y. 1980) ........................11

In the Matter of the Application of CBS Inc. v. Snyder, 762 F. Supp. 71 (S.D.N.Y. 1991) ...........................................................................................................5, 7

John Boutari & Sons, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc., 22 F.3d 51 (2nd Cir. 1994) ................................................................10

Leasing Services v. Patterson Enterprises, Ltd., 633 F. Supp. 282 (S.D.N.Y 1986) ......11

Lombardi v. Paige, 2001 WL 303831, (W.D.N.Y. 1999) ...............................................6, 7

Morgan Guar. Trust v. Republic of Palau, 971 F.2d 917 (2nd Cir. 1992) .....................11

Murphy Bros. v. Michetti Pipe Stringing Inc., 526 U.S. 344, 119 S. Ct. 1322 (1999) .............7, 8, 9

Newkirk v. Clinomics Biosciences Inc., 2006 WL 2355854 (N.D.N.Y. 2006) .............8, 10

Ward v. Aetna Life Ins. Co., 1999 WL 222559 at 1, (W.D.N.Y. 1999) ........................8, 9

**STATUTES AND RULES**

28 U.S.C. § 1447(c) ........................................................................................................11

BCL § 307 ....................................................................................................................8, 9

CPLR § 311 ..............................................................................................................5, 6, 7
                                                                                                                                                                                                8, 9

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................1

FACTUAL BACKGROUND...................................................................................................2

ARGUMENT.............................................................................................................................5

      POINT I    EMPIRE'S CROSS-MOTION TO AMEND THE PETITION FOR REMOVAL SHOULD BE GRANTED WHERE EMPIRE IS CURING A DEFECTIVE ALLEGATION RATHER THAN ASSERTING A NEW GROUND FOR FEDERAL JURISDICTION ........................................................................................5

      POINT II    PLAINTIFF'S MOTION FOR REMAND SHOULD BE DENIED WHERE EMPIRE TIMELY FILED ITS PETITION FOR REMOVAL AND THE FORUM SELECTION CLAUSE AT ISSUE DOES NOT EXCLUDE THE FEDERAL COURT FROM MAINTAINING JURISDICTION ................................................................9

      POINT III    PLAINTIFF IS NOT ENTITLED TO COSTS AND ATTORNEYS FEES ..........................................................................................11

CONCLUSION.......................................................................................................................13

## **PRELIMINARY STATEMENT**

Empire International Ltd. (hereinafter "Empire") submits this Memorandum of Law with the accompanying Affirmation of Leo V. Leyva, Esq.(hereinafter "Leyva" affirmation), the Affidavits of William Minich and Donna Barringer in support of its motion to amend the petition for removal and in opposition to plaintiff, Data-Com Telecommunications Inc.'s, (hereinafter plaintiff or "Data-Com") motion to remand this matter to the State Court of New York. Empire seeks to amend the petition for removal to: a) address the erroneous allegation that it was served by Secretary of State when, in reality, it was improperly personally served; and b) supplement the petition, in light of new information regarding improper service, to indicate that Empire's petition remains timely as formal service was never achieved against Empire. The amendment of a petition for removal is freely granted where, as here, the amendment simply cures an imperfect allegation contained within the petition for removal rather than stating a new ground for jurisdiction.

Plaintiff's motion for remand, premised on the grounds that: a) Empire failed to timely remove the petition to the Federal Court; and b) a forum selection clause requires any litigation to be resolved in the State Court of New York, should be denied. First, Empire's time to remove plaintiff's action to Federal Court has never begun as Empire was never properly served. Second, the forum selection clause relied upon by plaintiff does <u>not</u> exclude other jurisdictions from acting as a possible venue for adjudication of these claims. Because this matter is properly before this Court on the basis of diversity jurisdiction, plaintiff's motion should be denied.

## FACTUAL BACKGROUND

Empire is one of the largest providers of chauffeured transportation services in the world, servicing high-end clientele throughout New York, New Jersey, Atlanta, Los Angeles and San Francisco. Empire also maintains a presence in over 250 cities in Europe, South America, Australia, Africa, Asia and most Middle Eastern countries. Empire has a reputation of providing the finest quality in chauffeured car service to its clientele. Due to the breadth of Empire's chauffeured car service, and the demands of its clientele, Empire requires instant, effective and constant communication among its customers, dispatchers and drivers. In an effort to create an effective communication system, Empire purchased and integrated a number of systems known as the Call Pilot and the Symposium system, as well as a sophisticated telephone system. (herein these systems shall be referred to as the "Communication System"). The Communication System installed by Empire requires maintenance and software upgrades for proper operation. See, Leyva Affirmation, Exhibit A, a true and accurate copy of the Answer and Counterclaim.

Empire retained Data-Com to, among other things, perform maintenance of Empire's Communication System. (The contract, at issue, between Data-Com and Empire is herein referred to as the "Contract".) See, Leyva Affirmation, Exhibit B, a true and accurate copy of the contract between Empire and Data-Com.

Empire was forced to terminate Data-Com due to Data-Com's failure to fulfill its contractual obligations. Data-Com's failure to comply with its contractual obligations as well as the theft[1] of proprietary information, have caused technological breakdown, crashes and system

---

[1] As an example, all of Empire's proprietary information in the Call Pilot Software and certain hardware key codes were removed from Empire's Data Center by Data-Com technicians. (continued...)

failures. These breakdowns, crashes and system failures have resulted in monetary damages in the form of lost business, the cost of hiring other contractors to address the damage caused by Data-Com and damages in replacing the proprietary information stolen by Data-Com employees. See, Leyva Affirmation, Exhibit A, a true and accurate copy of the Answer and Counterclaim.

Data-Com, incredulously, brings suit against Empire for the sums it claims are owed under the contract. Plaintiff brought suit in the State Court of New York, Rockland County for a total of $98,066.66.[2] See Leyva Affirmation, Exhibit C, a true and accurate copy of plaintiff's summons and complaint.

On or about April 21, 2007, defendant served and filed its Notice of Petition for Removal based on diversity jurisdiction. (See Leyva Affirmation, Exhibit E, a true and accurate copy of the Notice of Petition for Removal). Empire then served its answer denying all wrongdoing and asserting a counterclaim against plaintiff for damages stemming from plaintiff's failure to perform its duties under the Contract at issue. See Leyva Affirmation, Exhibit A, a true and accurate copy of the Answer and Counterclaim.

Plaintiff, thereafter, filed a motion to remand this matter to the State Court of New York on the grounds that Empire failed to timely remove this matter to this court.[3] Alternatively,

---

(...continued)
See Leyva Affirmation, Exhibit A, a true and accurate copy of Empire's Answer and Counterclaim.

[2] Plaintiff's motion for remand implies that the amount of controversy is the sum of $33,060.66. Plaintiff conveniently, however, fails to mention the additional counts of the complaint that seek damages in the amount of $65,000 and upwards.

[3] Plaintiff wishes to remand this matter to the State Court of Rockland County, where this matter was first venued. Defendant does not waive any objection or defense it may have in asserting Rockland County as an improperly designated venue. Neither of the parties are (continued...)

3

plaintiff argues that a contractual clause allegedly excludes Empire from litigating this matter in this court. Plaintiff assertions of untimely removal are based on Empire's original petition for removal in which Empire incorrectly assumed that it had been served via the Secretary of State on March 21, 2006.

William Minich, Empire's Chief Financial Officer, details in his affidavit the reason why the original petition for removal contained an assertion that Empire was served via the Secretary of State on March 21, 2007. In his Affidavit, Mr. Minich stated the following:

> *I first became aware of plaintiff's complaint when I received a package containing the complaint on March 21, 2007. I assumed at that time, that the complaint had been served via the Secretary of State as I had no indication that it had been served in any other way. In my entire tenure at Empire, I would estimate that 99% of all legal complaints served on Empire are, in fact, served via the Secretary of State. There was no indication on the package that I received, containing the complaint, that it had been sent to me internally by any Empire employee.*

See Affidavit of William Minich, dated June 27, 2007. (hereinafter referred to as "Minich Affidavit").

However, on or about March 9, 2007, plaintiff attempted to serve Empire, with a summons and complaint alleging damages resulting from a breach of contract by personally

---

(…continued)
residents of Rockland County, nor is the locus of the contract at issue in Rockland County, nor have any of the transactions alleged in the complaint or counterclaim occurred in Rockland County. The only relationship to the parties or this action that is contained in Rockland County, is plaintiff's counsel's office. Therefore, in the unlikely event this court remands this matter to Rockland County, Defendant reserves its right to move to change venue to the State Court of the Supreme Court of New York County, as plaintiff's principal place of business is in New York County.

serving Donna Barringer, an Empire employee. See Leyva Affirmation, Exhibit D, a copy of the Affidavit of Service of Karen Bell, plaintiff's process server.

Donna Barringer, a corporate comptroller, is neither a director or officer of Empire or a designated agent who could accept service on Empire's behalf Empire. Ms. Barringer specifically averred in her affidavit, that she did indeed accept papers from plaintiff's process server whom she believed to be a messenger. Had she know that the "messenger" was indeed trying to serve Empire, she would have advised the process server that she could not accept service on Empire's behalf. See Affidavit of Donna Barringer (referred herein as "Barringer Affidavit").

Empire now cross-moves to amend its Petition for Removal to reflect that it was never properly served and that the petition remains timely, as formal service against Empire pursuant to NY CPLR § 311, was never accomplished.

## ARGUMENT

### POINT I

**EMPIRE'S CROSS-MOTION TO AMEND THE PETITION FOR REMOVAL SHOULD BE GRANTED WHERE EMPIRE IS CURING A DEFECTIVE ALLEGATION RATHER THAN ASSERTING A NEW GROUND FOR FEDERAL JURISDICTION**

Generally, a party may amend a petition for removal where it is curing a defective or imperfect allegation in its petition for removal. See In the Matter of the Application of CBS Inc. v. Snyder, 762 F. Supp. 71 (S.D.N.Y. 1991). Here, Empire erroneously, and in good faith, believed it had been served with service of process through the Secretary of State on or about March 21, 2007. See Minich Affidavit, para. 8. This belief was premised on the fact that no officer, director or person capable of accepting service on Empire's behalf was personally

served. See Minich Affdavit, para. 10 and Barringer Affidavit, para 4. This belief was also premised on the fact that 99% of all complaints served on Empire are through its registered agent with the Secretary of State and that Empire had no indication that the complaint had been served in any other manner. See Minich Affidavit, para. 8. Based on these good faith beliefs, Empire alleged in its Petition for Removal, that it had been served via the Secretary of State on or about March 21, 2006. See Leyva Affirmation, Exhibit E, a true and accurate copy of the Notice for Petition for Removal. It was only after the service and filing of the Petition for Removal and the receipt of plaintiff's affidavit of service to the Summons and Complaint did Empire learn that plaintiff had improperly served Donna Barringer. See Minich Affidavit, para. 9.

Under NY CPLR § 311, personal service on a corporation can only be made upon a domestic or foreign corporation, to an officer, director, managing agent or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. See NY CPLR § 311. Donna Barringer, the Empire employee who was served by the plaintiff, was not authorized to accept service on Empire's behalf. See Minich Affidavit, para. 10. See Barringer Affidavit, para. 4 and 6. Moreover, Ms. Barringer was not an officer, director or a designated agent capable of accepting service on Empire's behalf. See Barringer Affidavit, para. 4. See Minich Affidavit, para. 10. Therefore, none of the requirements set forth by NY CPLR § 311 were met by Data-Com's attempted service on Ms. Barringer.

Empire should be allowed to cure the technical defect in its petition for removal, especially where it is well-recognized that a party is entitled to this right. See Lombardi v. Paige, 2001 WL 303831, (W.D.N.Y. 1999) (attached as Exhibit 1 to the Memorandum of Law). Empire's amendment cures the misstatement that Empire was served via the Secretary of State

on March 21, 2006. See Leyva Affirmation, Exhibit F, a true and accurate copy of the Amended Notice of Petition for Removal. This amendment does not affect the basis of the federal court's jurisdiction, diversity of citizenship. The District Court in denying a plaintiff's motion for remand, held that a defendant could amend its petition for removal where no question of diversity of citizenship existed and the amendment did not seek to add a new ground of federal jurisdiction. See Lombardi v. Paige, 2001 WL 303831 (S.D.N.Y. 2001) (attached as Exhibit 1 to the Memorandum of Law). There is no dispute that the Amended Petition for Removal and the Petition for Removal assert as the only basis for federal jurisdiction, diversity of citizenship. Considering Empire is not adding a new ground of federal jurisdiction, but rather merely clarifying the original petition, Empire should be allowed to amend its petition. See Lombardi, 2001 WL 303831 (S.D.N.Y. 2001); See also, CBS, 762 F. Supp. 71. Moreover, this Court has recognized that "pro-forma defects [in a petition for removal] cannot suffice to deprive a party of a plain entitlement to a federal forum". See CBS, 762 F. Supp. at 74. To do otherwise, would exalt form over substance.

Due to plaintiff's improper service, the petition must also be amended to reflect that removal remains timely. The Amended Petition accurately reflects that Empire's time to file a petition for removal has not begun to run, as it was not formally served pursuant to NY CPLR § 311. See Leyva Affirmation, Exhibit F, a true and accurate copy of the Amended Petition for Removal. The United States Supreme Court has held that a defendant's time to remove is triggered not by mere receipt of the complaint but by formal service. See Murphy Bros. v. Michetti Pipe Stringing Inc., 526 U.S. 344, 119 S.Ct. 1322 (1999). In explaining its holding, the Supreme Court observed, as follows:

7

> *service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.... In the absence of service of process (or waiver by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant.*

See Murphy, 526 U.S. at 350. The district courts of this state have interpreted that reasoning to "...support the conclusion that the time for removal commences when service is completed and jurisdiction over the defendant has been obtained." Ward v. Aetna Life Ins. Co., 1999 WL 222559 at 1, (W.D.N.Y. 1999) (attached as Exhibit 2 to the Memorandum of Law). See also, Newkirk v. Clinomics Biosciences Inc., 2006 WL 2355854 (N.D.N.Y. 2006) (attached as Exhibit 3 to the Memorandum of Law).

Consequently, Plaintiff's contention that the Defendant failed to timely remove within the 30 day period beginning from March 9, 2007 (the date of the improper service) is unavailing. Empire's removal clock begins when the state court acquires jurisdiction. See Newkirk, 2006 WL 2355854 at 2. Here, the state court never acquired jurisdiction over Empire, as Empire was never properly served and thus the removal clock on Empire has not commenced.

In a factually similar matter, the district court in the Northern District of New York came to the same conclusion. See Newkirk v. Clinomics Biosciences Inc., 2006 WL 2355854 (N.D.N.Y. 2006). The court in Newkirk, in applying Supreme Court precedent, held that where a foreign corporation had not been properly served pursuant to NY BCL § 307, the state court had not yet obtained jurisdiction and, therefore the removal clock could not begin to run. See Newkirk, 2006 WL 2355854 at 2. NY BCL § 307 is specifically referred to in NY CPLR § 311 as a means to effect service over a foreign corporation. See NY CPLR § 311. Both statutes are identical in their purpose. Each describes the manner in which jurisdiction can be obtained over a defendant by delineating the rules with respect to service of process. The law mandates that

8

the rules of service pursuant to NY BCL § 307 must be fully complied with before the time to remove begins. Without question, plaintiff's failure to properly comply with NY CPLR § 311 tolls Empire's time to file its Petition for Removal. Because plaintiff has failed to properly serve Empire pursuant to NY CPLR § 311, Empire's time to remove this action has not yet commenced. As such, Empire's Amended Petition is timely.

If this court were to ignore plaintiff's failure to follow the rules on service of process, such a result would only encourage parties to circumvent the service rules to gain an unfair advantage in litigation. Simply, the improper service lead Empire to believe it was served on March 21, 2007, which was not the case. See Minich Affidavit, para. 8. Plaintiff should not be allowed to obtain any litigation advantage through the failure to observe the provisions of the CPLR. Otherwise, the rules pertaining to proper service would be rendered meaningless. As the Supreme Court specifically recognized in Murphy, "service of process…is fundamental to any procedural imposition on a named defendant." See Murphy, 526 U.S. at 350. Because service of process was improper, Empire's petition and amended petition for removal are timely. Based on the foregoing reasons, Empire's cross-motion to amend the petition for removal should be granted.

**POINT II**

**PLAINTIFF'S MOTION FOR REMAND SHOULD BE DENIED WHERE EMPIRE TIMELY FILED ITS PETITION FOR REMOVAL AND THE FORUM SELECTION CLAUSE AT ISSUE DOES NOT EXCLUDE THE FEDERAL COURT FROM MAINTAINING JURISDICTION**

As stated above, Empire's time to remove the action to Federal Court begins upon proper, formal service. Because Empire has not been properly served, Empire's Petition and Amended Petition for Removal are timely. See Ward v. Aetna Life Ins. Co., 1999 WL 222559, (W.D.N.Y.

9

42540/0027-3106238v2

1999) (attached as Exhibit 2 to the Memorandum of Law). See also, <u>Newkirk v. Clinomics Biosciences Inc.</u>, 2006 WL 2355854 (N.D.N.Y. 2006) (attached as Exhibit 3 to the Memorandum of Law).

Plaintiff also argues that a contractual clause excludes Empire from litigating this matter in Federal Court. The clause at issue, paragraph 16 of the Contract, states in relevant part, as follows:

> *The parties hereto consent to the jurisdiction of the Courts of the State of New York and this Agreement shall be construed in accordance with and governed under the laws of the State of New York...*

See Leyva Affirmation, Exhibit B, a true and accurate copy of the contract between Data-Com and Empire. The clause on its face does not exclude Federal Court as a possible venue. It is well settled law that where a forum selection clause ***does not*** exclude all other jurisdictions as possible venues, it cannot be relied upon to oust a party from Federal Court. See <u>John Boutari & Sons, Wines and Spirits, S.A. v. Attiki Importers and Distributors Inc.</u>, 22 F.3d 51 (2nd Cir. 1994). Hence, where Empire merely consented to the Courts of the State of New York as one of many possible venues where litigation between the parties may be resolved, Empire cannot be ousted from Federal Court.

The Second Circuit came to the identical conclusion when interpreting a forum selection clause with nearly the same language here. See <u>John Boutari & Sons, Wines and Spirits, S.A.</u>, 22 F.3d 51. The Second Circuit in <u>John Boutari</u>, rejected the contention that exclusive jurisdiction was conferred by a contract term specifying which courts "shall have jurisdiction" in the event of a dispute. See <u>Id.</u> at 53. Further, clauses that only contain the words "consent" or "agree" to the jurisdiction of the courts are insufficient to establish exclusive jurisdiction. See

10

Coface v. Optique Du Monde, Ltd., 521 F. Supp. 500 (S.D.N.Y. 1980). The Southern District in Coface, held that the words "consent to jurisdiction", a term identical to the one here, did not create exclusive jurisdiction, and therefore, the forum selection clause could not be enforced. See Coface, 521 F. Supp. 500 at 506. See also, Leasing Services v. Patterson Enterprises, Ltd., 633 F.Supp. 282 (S.D.N.Y 1986) (court holding that the term "agree to" did not create exclusive jurisdiction requiring ouster). Plaintiff's argument that the forum selection clause requires a remand from Federal Court to the State Court of New York, therefore, lacks merit as the language of the clause does not exclude Federal Court as a proper venue.

## POINT III

### PLAINTIFF IS NOT ENTITLED TO COSTS AND ATTORNEYS FEES

Plaintiff is not entitled to attorneys fees and costs in the making of the motion for remand. The award of costs and fees in such a matter is left to the discretion of the district court. See 28 U.S.C. § 1447(c) (stating that "[a]n order remanding the case *may* require payment of just costs and any actual expenses" (emphasis added)); See Morgan Guar. Trust v. Republic of Palau, 971 F.2d 917, 924 (2nd Cir. 1992). (holding that §1447(c) "affords a great deal of discretion and flexibility to the district courts in fashioning awards of costs and fees"). Empire, respectfully, submits that to award attorneys fees and costs against the defendant would be an abuse of discretion.

First, it was plaintiff's initial error in service that created the cloud over when Empire was actually served. Second, as demonstrated above, Empire has relied on colorable legal arguments in support of its motion to amend the petition for removal and in opposition to plaintiff's motion for remand. Where a colorable argument for removal can be shown, removal will not be deemed per se unreasonable and therefore costs and attorneys fees for improper

11

removal are unwarranted. See <u>Belido-Sullivan v. American International Group, Inc.</u>, 123 F. Supp.2d 161, 169 (S.D.N.Y. 2000) Lastly, the record is bereft of any allegation that Empire has acted or intended to act in bad faith. Absent such a showing, the imposition of costs and attorneys fees would be unjustly punitive.

12

## CONCLUSION

This matter is properly venued in Federal Court based on diversity of citizenship. Because Empire timely filed the petition for removal, there is no basis to remand this matter to the State Court. Based upon the foregoing, Empire International Ltd.'s motion to amend its petition for removal should be granted and plaintiff's motion for remand should be denied in its entirety, together with such other relief as this court may deem just and proper.

Dated: New York, New York
       June 28, 2007

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD P.A.
Attorneys for Defendant
Empire International Ltd.

By: _____
Leo V. Leyva (LL-9061)
900 Third Avenue, 16th Floor
New York, NY 10022-4728
(212) 752-8000

13