EXHIBIT 1

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2001 WL 303831 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

C
Lombardi v. Paige
S.D.N.Y.,2001.
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.
John LOMBARDI and Mark Gocmen, Plaintiffs,
v.
Sheri PAIGE, Esq. d/b/a Sheri Paige & Associates, Defendant.
No. 00 CV 2605 RCC.

March 28, 2001.

OPINION AND ORDER
CASEY, J.
*1 Before the Court are Plaintiffs' motion to remand, Defendant's motion to amend its notice of removal and Defendant's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the motion to remand is denied, the motion to amend the notice of removal is rendered moot and the motion for judgment on the pleadings is granted on the basis of lack of personal jurisdiction.

I. Background

On November 4, 1997 Plaintiffs John Lombardi and Mark Gocmen ("Plaintiffs") were attacked by three individuals at Pizza Perfect, Inc. in New Rochelle, New York. Complaint ¶¶ 8-20. At the time of the incident, Plaintiff Gocmen was a partner in the business and Plaintiff Lombardi was an employee. Id. ¶¶ 4-5. Both men are residents of New York. Id. ¶¶ 3, 4. The Plaintiffs approached Defendant Sheri Paige, Esq., d/b/a Sheri Paige & Associates ("Defendant") at Ms. Paige's residence to secure legal representation in their personal injury claims. Id. ¶ 22. Defendant did not solicit Plaintiffs' business, rather Plaintiff Gocmen was an old family friend. July 21, 2000 Paige Aff. ¶ 8. Defendant does business and resides in Connecticut, she is not licensed to practice law in New York. Id. ¶ 3-4, Complaint ¶¶ 1, 28. Both Plaintiffs signed retainer agreements at Ms. Paige's home on November 20, 1997. July 21, 2000 Paige Aff. ¶ 11.

According to Plaintiffs, Defendant informed them that she would commence an action to recover damages for their personal injuries. Complaint ¶ 23. No such action was filed. Id. Further, Plaintiffs allege Paige never personally returned any of their phone calls to her office, she did not update them on the status of their case and members of her staff made misleading statements regarding their claims. Id. ¶¶ 26, 27. As a result of this conduct, Plaintiffs allege Defendant caused them to lose their causes of action against the three individuals because the relevant New York statute of limitations expired. Id. at ¶ 31, 32.

Defendant claims that before she or her office performed any meaningful services on Plaintiffs' behalf, she elected to discontinue her representation of them because Plaintiffs failed to communicate with her and failed to cooperate with her efforts to obtain medical evidence. July 21, 2000 Paige Aff. ¶ 12. Further, Defendant alleges she notified the Plaintiffs orally and in writing that her office would no longer represent them.[FN1] Id. Paige initially agreed to represent Plaintiffs on a contingency fee basis, thus they did not pay to retain her, nor did they pay for any of her limited services. Id. ¶ 13.

FN1. Defendant's allegation of terminated services is somewhat belied by her June 1999 letter to Plaintiff Gocmen in which she discusses appearing in court on his behalf. July 31, 2000 Spizzirro Aff. Ex. E. Additionally, Paige offers no documentary proof of the termination of the attorney-client relationship.

Plaintiffs commenced this action for legal malpractice and breach of fiduciary duty in New

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                     Page 2
Not Reported in F.Supp.2d, 2001 WL 303831 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

York Supreme Court, Bronx County in March 2000. On April 4, 2000, Defendant filed a notice of removal to federal court pursuant to 28 U.S.C. § 1446. Plaintiffs object to it and request a remand to state court because (1) Defendant stated the parties' residence, not their citizenship and (2) Defendant did not allege citizenship at the time the action was commenced. Defendants have filed a motion to amend its notice of removal. Finally, Defendants have moved for judgment on the pleadings based on lack of personal jurisdiction and improper service.

II. Discussion

A. Motion to Remand and Motion to Amend Notice of Removal

*2 "The party seeking removal under 28 U.S.C. § 1332 must allege facts sufficient to establish diversity of citizenship of all plaintiffs to all defendants both at the commencement of the action and at the time of removal from state court." *Grow Group, Inc. v. Jandernoa,* 1995 WL 60025, at *1 (S.D.N.Y. Feb. 10, 1995) (citing *Stevens v. Nichols,* 130 U.S. 230, 231 (1889)). Section 1653 of the same title states, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653; *see also Cox v. Livingston,* 407 F.2d 392, 393 (2d Cir.1969) ("An application under 1653 is, of course, addressed to the discretion of the court, and usually the section is to be construed liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist."); *CBS Inc. v. Snyder,* 762 F.Supp. 71, 76 (S.D.N.Y.1991) (stating deficient allegation of diversity in notice of removal may be cured unless it suffers from "the total absence of jurisdictional foundations") (internal citations omitted).

Here, as stated above, Plaintiffs move to remand based on deficiencies in Defendant's notice of removal. Specifically, Plaintiffs allege Defendant failed to allege the citizenship of the parties at the time the action was commenced and when she sought to remove it to federal court. Plaintiffs base their opposition on technicalities and do not allege

that diversity does not exist. It is clear from the record that the Plaintiffs were citizens of New York both at the time the action was commenced and when the notice of removal was filed. Complaint ¶¶ 2-3; Notice of Removal ¶¶ 3-4. Similarly, Defendant was a citizen of Connecticut at both times. Complaint ¶ 1; Notice of Removal ¶ 5. Thus, the Court finds the imperfections in the notice of removal are mere technicalities and, would it not be rendered moot by the Court's decision below, would permit the Defendant to amend its notice of removal.

B. Standard for Judgment on the Pleadings

In deciding a motion for judgment on the pleadings, the Court applies the same standards applicable to a motion to dismiss pursuant to Federal Rule 12(b)(6). *Burnette v. Carothers,* 192 F.3d 52, 56 (2d Cir.1999). Accordingly, the Court must determine whether the complaint itself is legally sufficient and accept as true its factual allegations. *Strassberg v. New York Hotel & Motel Trades Council,* 2001 WL 103427, at *2 (S.D.N.Y. Feb. 7, 2001) (citing *Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir.1985); *Anatian v. Coutts Bank (Switzerland) Ltd.,* 193 F.3d 85, 88 (2d Cir.1999)). All inferences are to be drawn in favor of the non-moving party. *Moore v. PaineWebber, Inc.,* 189 F.3d 165, 169 (2d Cir.1999). The Court may consider only the factual allegations in the complaint, accompanying exhibits, matters about which judicial notice is appropriate and documents plaintiff relied on in bringing its case. *Brass v. American Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir.1993). The complaint will not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cruz v. Gomez,* 202 F.3d 593, 597 (2d Cir.2000) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

C. Defendant's Motion for Judgment on the Pleadings

*3 Defendant moves for judgment on the pleadings on the bases that this Court lacks personal

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2001 WL 303831 (S.D.N.Y.)
(Cite as: Not Reported in F.Supp.2d)

Page 3

jurisdiction and for improper service of process. A district court determines personal jurisdiction according to the laws of the state in which it sits. *Levisohn, Lerner, Berger & Langsam v. Medical Taping Sys., Inc.,* 10 F.Supp.2d 334, 339 (S.D.N.Y.1999) (citing *Bensusan Rest. Corp. v. King,* 126 F.3d 25, 27 (2d Cir.1997); *Agency Rent A Car Sys., Inc. v. Grand Rent A Car Corp.,* 98 F.3d 25, 29 (2d Cir.1996)). First, the Court must determine whether New York's long arm statute provides for personal jurisdiction. *See* N.Y. C.P.L.R. § 302. Second, the Court must decide whether an exercise of jurisdiction under New York's law would be consistent with federal due process requirements. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 567 (2d Cir.1996). Where, as here, the court chooses "not to conduct a full-blown evidentiary hearing on the motion, the plaintiff need make only a prima facie showing of jurisdiction through its own affidavits and supporting materials," that is, aver facts, that if credited, would establish jurisdiction. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,* 171 F.3d 779, 784 (2d Cir.1999) (quoting *Marine Midland Bank, N.A. v. Miller,* 664 F.2d 899, 904 (2d Cir.1981)); *Levisohn, Lerner,* 10 F.Supp.2d at 339.

Plaintiffs contend this Court has personal jurisdiction pursuant to C. P.L.R. § 302(a)(1), which states in part, "a court may exercise personal jurisdiction over any non-domiciliary ... who in person ... transacts any business within the state or contracts anywhere to supply goods or services in the state." Thus, Plaintiff must show that Defendant either transacted business in New York or that she contracted to supply services here. *Id.* A non-domiciliary transacts business in New York when she "purposefully avails [herself] of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws." *CutCo Indus., Inc. v. Naughton,* 806 F .2d 361, 365 (2d Cir.1986) (citations omitted). Courts have found that a single transaction is enough, even if the defendant never physically enters New York, provided that "the contact was purposeful and the totality of the circumstances indicate that the exercise of jurisdiction would be proper." *Levisohn, Lerner,* 10 F.Supp.2d at 339 (citing *CutCo Indus.,*

806 F.2d at 365). If the Court determines that the Defendant has transacted business in New York, Plaintiffs would then have to establish that there is a "substantial nexus" between the business transacted and the cause of action. *Agency Rent A Car,* 98 F.3d at 31.

Similarly, under the second prong, Plaintiffs must show the Defendant has minimum contacts with the state and has entered into a contract outside New York to provide goods or services in New York. *Bank Brussels,* 171 F.3d at 789. The Defendant must have projected herself into New York to perform services here and must purposefully avail herself to the privileges and benefits of performing any services in the state. *See id.* Finally, under both prongs, "to satisfy the Due Process Clause of the United States Constitution, the exercise of long-arm jurisdiction by New York must be based on [the Defendant's] 'minimum contacts' with the state and must comport with 'traditional notions of fair play and substantial justice.' " *Agency Rent A Car,* 98 F.3d at 32 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

*4 Here, Plaintiffs argue that Paige transacted business in New York during the course of her representation and that she contracted to supply services here. Under either theory, Plaintiffs must make a prima facie showing that Defendant purposefully availed herself to the benefits and privileges of New York. Plaintiffs contend that Defendant agreed to represent them with the understanding the she would have to bring a lawsuit or negotiate a settlement in New York. With this goal in mind, Defendant contacted medical groups in New York to obtain Plaintiffs' medical records, contacted New York law enforcement officials for information regarding the alleged incident and purportedly attempted to settle the matter with New York insurance companies. *See* July 31, 2000 Spizzirro Aff., Ex. C. (demonstrating attempts by Defendant's office to obtain information about Plaintiffs' medical condition and the alleged incident from entities in New York). Plaintiffs maintain these efforts amount Defendant projecting herself into New York and purposefully availing herself to the privileges and benefits of performing services in this state.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Page 4

Not Reported in F.Supp.2d, 2001 WL 303831 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

The Court is not convinced. Plaintiffs have correctly summarized the extent of Defendant's involvement in New York and it is insufficient to justify the exercise of personal jurisdiction.[FN2] Defendant agreed to represent Plaintiffs and entered into a retainer agreement with each of them after they approached her and went to her home in Connecticut. It appears her office made a few, sporadic efforts to collect information in furtherance of Plaintiffs' claims. Defendant did nothing else. She did not solicit business in New York, she is not licensed in New York and, as Plaintiffs are well aware, she did not file a lawsuit in New York. *See Mayes v. Leipziger,* 674 F.2d 178, 184-185 (2d Cir.1982) (finding lack of personal jurisdiction, where, as here, non-domiciliary attorney did not enter New York, did not initiate the contact with New York clients and did not sign the retainer agreement in New York). Further, her firm has represented New York clients, including Plaintiffs, only twice in the past seven years. July 21, 2000 Paige Aff. ¶ 7; Dec. 10, 2000 Paige Aff. ¶¶ 6-11 (explaining the brief circumstances of Defendant's firm's representation of New York client in 1999). Defendant "did not, in any meaningful sense, project [herself] into New York's pool of competing legal services." *Twine v. Levy,* 746 F.Supp. 1202, 1205 (E.D.N.Y.1990).

>FN2. Plaintiffs' reliance on *Parke-Bernet Galleries, Inc. v. Franklyn,* 256 N.E.2d 506 (1970), and *Schur v. Porter,* 712 F.Supp. 1140 (S.D.N.Y.1989), is inapplicable in light of the facts of this particular case. In *Parke-Bernet,* the New York Court of Appeals held it had personal jurisdiction over a defendant located in California who arranged for an open phone line at a New York gallery so that he could partake in bidding during an auction. The Court found the defendant actively participated in the bidding and thus "had personally engaged in purposeful activity here...." *Parke-Bernet,* 256 N.E.2d at 508. As will be demonstrated below, that is not the situation here.
>Likewise, in *Schur v. Porter,* the District Court found it had jurisdiction over a non-domiciliary attorney who had represented the plaintiffs in the negotiation and drafting of two New York partnership agreements. *Schur,* 712 F.Supp. at 1145. The plaintiffs in *Schur* had alleged much more significant contact between the defendant attorney and the forum state than Plaintiffs herein. For example, the attorney defendant in *Schur* came to New York to meet with his clients, he mailed various drafts of several agreements to his clients in New York, he had more than twenty telephone conversations with his clients in New York, he advised his clients by telephone when they signed one of the partnership agreements in New York, he eventually sued his clients in a New York court, retained a lawyers in New York and came to New York several times in connection with that litigation. *Id.* at 1142-43. Plaintiffs here have not alleged close to this level of involvement in New York.

Additionally, the correspondence Plaintiffs rely on to confer personal jurisdiction over Defendant is deficient. "Generally, telephone or written communications do not provide a basis for personal jurisdiction under § 302(a)(1) unless 'they are used by the defendant to actively participate in business transactions in New York." ' *Levisohn, Lerner,* 10 F.Supp.2d at 340 (quoting *Carlson v. Cuevas,* 932 F.Supp. 76, 78 (S.D.N.Y.1996); *Wilhelmshaven Acquisition Corp. v. Asher,* 810 F.Supp. 108, 112 (S.D.N.Y.1993) (telephone and mail contacts are jurisdictionally insufficient "unless the defendant projected himself by those means into New York in such a manner that he purposefully availed himself ... of the benefits and protections of its laws").

*5 Plaintiff points to only a handful of interstate communications by Defendant and her firm, none of which-taken separately or as a whole-amount to purposeful activity in New York. The communications include three faxes to New York medical care providers requesting information about Plaintiff Gocmen; an interoffice memorandum to Defendant reflecting an employee's effort to obtain records from the New Rochelle police department;

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 6 of 6

Not Reported in F.Supp.2d                                                                                              Page 5
Not Reported in F.Supp.2d, 2001 WL 303831 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

and two letters from Defendant's firm to Plaintiff Gocmen. July 31, 2000 Spizzirro Aff. Exs. C & E. These communications do not suggest that Defendant actively participated in transactions in New York or that she projected herself into New York. *See Levisohn, Lerner,* 10 F.Supp.2d at 340-41 (holding five telephone calls do not constitute " active participation" to satisfy § 302(a)(1)). Accordingly, the Court finds that Plaintiffs failed to make a prima facie showing that Defendant purposefully availed herself to the privileges and benefits of New York. Under the totality of the circumstances here, long arm jurisdiction under § 302(a)(1) would be improper. Thus, Defendant's motion to dismiss is granted on the basis of lack of personal jurisdiction. It is not necessary to consider Defendant's argument that she was improperly served.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion to remand is denied, Defendant's motion to amend the notice of removal is moot and Defendant's motion for judgment on the pleadings is granted. The Clerk of the Court is directed to close the case.

So ordered.

S.D.N.Y.,2001.
Lombardi v. Paige
Not Reported in F.Supp.2d, 2001 WL 303831 (S.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.