EXHIBIT 2

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 1999 WL 222559 (W.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Ward v. Aetna Life Ins. Co.
W.D.N.Y.,1999.
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.
Robert M. WARD, Plaintiff,
v.
AETNA LIFE INSURANCE COMPANY d/b/a Aetna Health Plans and Aetna U.S. Health Care, Defendant.
**No. 98-CV-0542E(SC).**

April 12, 1999.

Judge John T. Elfvin, Eric B. Grossman, Esq., c/o Grossman, Levine & Civiletto, Niagara Falls, for the Plaintiff.
Deirdre M. Flynn, Esq., c/o Wolford & Leclair, Rochester, for the Defendant.

MEMORANDUM and ORDER
ELFVIN, S.D.J.
*1 In and by this Court's November 16, 1998 Memorandum and Order-familiarity with which is presumed-, the plaintiff's September 15, 1998 motion to remand this case to State Court was held in abeyance pending a ruling by the United States Supreme Court in *Murphy Bros ., Inc. v. Michetti Pipe Stringing, Inc.*, cert. granted, 525 U.S. ___, 119 S.Ct. 401 (Nov. 2, 1998). Such decision was recently rendered, *see* 1999 WL 181158 (April 5, 1999), and, after further consideration, the plaintiff's motion will be denied.

Under *Murphy Bros., Inc.* "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at *3 (quoting 28 U.S.C. § 1446(b)). In so holding, the Court noted that, where there is a lack of personal jurisdiction over a defendant, a court ordinarily may not exercise power over that party. *Id.* at *4. Further, it was reasoned that, in enacting section 1446(b), Congress "did not intend to break away from the traditional understanding" that a defendant will not be deemed to have foregone substantive or procedural rights prior to the acquisition of jurisdiction over him. *Id.* at *4-*5.

While the Court did not expressly discuss what event would trigger commencement of the removal period under a service-by-mail statute such as section 312-a of New York's Civil Practice Law and Rules ("CPLR")-the statute utilized by Ward in serving Aetna Life Insurance Company-, the Court's reasoning supports the conclusion that the time for removal commences when service is completed and jurisdiction over the defendant has been obtained. *See Jefferson Heights Quarry, Inc. v. Fort Pike Assoc.*, 616 N.Y.S.2d 839, 840 (App.Div., 4th Dept.1994) (finding that jurisdiction is acquired when service pursuant to CPLR 312-a is completed under that statute). It is undisputed that service of the Summons and Complaint was completed, if at all, not earlier than August 14, 1998, when defendant's counsel executed a Statement of Service by Mail and then "forwarded it to plaintiff's counsel. " Affidavit of Elizabeth A. Wolford, Esq., sworn to October 1, 1998, ¶ 3; CPLR 312-a(b)(1) (" [s]ervice is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender").[FN1] Consequently, the August 19th filing of the Notice of Removal in this Court was timely. 28 U.S.C. § 1446(b).

Accordingly, it is hereby *ORDERED* that the plaintiff's motion to remand is denied.

FN1. The assertion made by plaintiff's counsel at oral argument that service herein has not properly been effected because the defendant allegedly had failed to timely execute and return the acknowledgement form does not help the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=Split... 6/21/2007

Page 3 of 3

Not Reported in F.Supp.2d

Page 2

Not Reported in F.Supp.2d, 1999 WL 222559 (W.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d)**

plaintiff under the reasoning of *Murphy Bros., Inc.* If that is the case, then the removal period has not yet commenced.

W.D.N.Y.,1999.
Ward v. Aetna Life Ins. Co.
Not Reported in F.Supp.2d, 1999 WL 222559 (W.D.N.Y.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://web2.westlaw.com/print/printstream.aspx?prft=HTMLE&destination=atp&sv=Split... 6/21/2007