EXHIBIT C

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
---------------------------------------------------------------X
DATA-COM TELECOMMUNICATIONS, INC.,

                Plaintiff,

-against-

EMPIRE INTERNATIONAL LTD.

                Defendants.
---------------------------------------------------------------X

Index No. 2006/0[?]

Date Purchased:

Plaintiff designates
ROCKLAND COUNTY
as place of trial

The basis of the venue is
Contractual agreement to
New York jurisdiction

SUMMONS

*FILED BH MAR 0 8 2007 ROCKLAND COUNTY CLERK'S OFFICE*

TO THE ABOVE-NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a copy of your answer or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service or within thirty (30) days after the completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    ROCKLAND COUNTY is designated as the place of trial on the basis that the Contract between the parties indicated that the parties consented to the jurisdiction of the Courts of the State of New York.

Dated: Nyack, New York
          March 1, 2007

Yours, etc.

CONDON RESNICK, LLP

By: _____
      Brian K. Condon
Attorneys for the Plaintiff
96 South Broadway
Nyack, New York 10960
(845) 358-8900

Defendants' Addresses:

Empire International, Ltd.
55 Walnut Street
Norwood, New Jersey 07648

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X
DATA-COM TELECOMMUNICATIONS INC.,                Index No. 2006/200

                 Plaintiff,

                                                                               **VERIFIED COMPLAINT**

    -against-

EMPIRE INTERNATIONAL LTD.,

                 Defendant.
-----------------------------------------------------------------X

*FILED BH MAR 0 8 2007 ROCKLAND COUNTY CLERK'S OFFICE*

Plaintiff, DATA-COM TELECOMMUNICATIONS INC., by its attorneys, CONDON RESNICK, LLP, complaining of the Defendant alleges as follows:

## PARTIES

1.    That, at all times hereinafter mentioned, Plaintiff, DATA-COM TELECOMMUNICATIONS INC. ("Data Com") was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, and maintaining an office at 75 Broad Street, New York, New York 10004.

2.    That, at all times hereinafter mentioned, Defendant, EMPIRE INTERNATIONAL LTD.("Empire") and still is, upon information and belief, a New Jersey corporation organized and existing under the laws of the State of New Jersey, and duly authorized and transacting business within the State of New Jersey.

## FACTUAL BACKGROUND

3.    On or about May 26, 2005, the Plaintiff, DATA COM and EMPIRE entered into a Service Maintenance Agreement whereas Data Com would perform certain maintenance services to Empire's Option 61C telecommunication system (the "Agreement"). A copy of the Agreement is annexed hereto as Exhibit "A".

4.  The term of the Agreement was for a period of three (3) years commencing on June 1, 2005 (the "Commencement date").

5.  The annual fee for Data Com's services was $39,000 to be paid in quarterly installments of $9,750 each.

6.  As of December 19, 2006, Empire was indebted to Data-Com in the sum of $33,060.66 for services rendered but not paid.

7.  Pursuant to Paragraph 10 of the Agreement, "[I]f Customer fails to make any payment to DATA-COM promptly when due . . . upon twenty (20) days written notice, Customer shall be in default hereunder, and all unpaid amounts shall, at DATA-COM's option, become immediately due and payable".

8.  By letter dated December 26, 2006, through its attorney, Data-Com provided Empire with written notice that it was indebted to Data-Com in the sum of $33,060.66 for services rendered but not paid. (A copy of the letter is annexed hereto as Exhibit "B")

9.  Empire was advised that, at the expiration of said twenty (20) days, it would be held in default pursuant to the terms of the Agreement and all unpaid amounts shall become immediately due and payable.

10. Paragraph 21 of the Agreement states: "If Data-Com is required to incur any costs or expenses due to Customer's failure to perform any obligation or made any payment due hereunder, Data-Com shall be entitled to recover from Customer, in addition to any amounts due under this Agreement, all such costs and expenses, including, without limitation, all reasonable attorneys' fees, court and related costs".

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF CONTRACT)

11. Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "10" as if fully set forth herein.

12. That the Defendant breached the provisions of the Agreement, resulting in loss and damages to the Plaintiff.

13. That, as a result of the foregoing, the Plaintiffs have suffered damages in an amount which has yet to be determined but is believed to exceed $65,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION
## (UNJUST ENRICHMENT)

14. Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "13" as if fully set forth herein.

15. Plaintiff performed pursuant to the Agreement in good faith.

16. Defendant accepted the services rendered by the Plaintiff.

17. By reason of the foregoing, the Defendant was unjustly enriched in the amount of $33,066.66.

## AS AND FOR A THIRD CAUSE OF ACTION
## (COST OF COLLECTION)

18. Plaintiffs repeat and reallege the allegations contained in Paragraphs "1" through "17" as if fully set forth herein.

19. Due to Defendant's breach, Plaintiff has been forced to commence this instant action. Given the size of the debt, considerable legal expense has been incurred and absent settlement, will continue to accrue.

3

20. The Agreement requires the Defendant to pay the foregoing and all future costs and expenses of this action, including but not limited to, reasonable attorneys fees.

21. That, as a result of the foregoing, the Plaintiff has suffered damages in an amount which will be determined at trial.

WHEREFORE, Plaintiff, DATA COM TELECOMMUNICATIONS, INC., demands judgment as against the Defendant, EMPIRE INTERNATIONAL LTD., as follows:

1. On the First Cause of Action for breach of contract in an amount expected to exceed $65,000 or some greater amount to be determined at trial, plus consequential damages in an amount to be determined at trial;

2. On the Second Cause of Action for unjust enrichment an amount of $33,060.66.

3. On the Third Cause of Action for cost of collection an amount to be determined at trial.

4. Together with such other and further relief as may be just and proper, together with the costs and disbursements of this action, including but not limited to, reasonable attorneys fees.

Dated: Nyack, New York
March 1, 2007

Yours, etc.

CONDON RESNICK, LLP

By: /s/ Brian K. Condon
Brian K. Condon
Attorneys for the Plaintiff
96 South Broadway
Nyack, New York 10960
(845) 358-8900

## VERIFICATION

STATE OF NEW YORK    )
                     )ss.:
COUNTY OF ROCKLAND )

    BRIAN K. CONDON, an attorney-at-law, duly admitted to practice in the Courts of this State, affirms under the penalties of perjury that:

    I am the attorney of record for Plaintiff, DATA-COM TELECOMMUNICATIONS, INC. I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon records, reports, data and documents in the file, investigations made and conversations had with said Plaintiff.

    The reason I make this affirmation instead of Plaintiff is that Plaintiff does not have an office in the county wherein deponent has his office.

    I affirm that the foregoing statements are true under the penalty of perjury.

Dated: Nyack, New York
       March 1, 2007

                                                        /s/ Brian K. Condon
                                                         BRIAN K. CONDON

Exhibit "A"

# SERVICE MAINTENANCE AGREEMENT

Agreement made this _26_ day of May 2005 by and between Empire International Ltd, a corporation having its principal offices located at 55 Walnut Street, Norwood, NJ 07648 ("Customer") and DATA-COM TELECOMUNICATIONS, INC., a domestic corporation having its principal offices located at 1435 Morris Avenue, Union New Jersey, 07083 ("DATA-COM").

WHEREAS Customer is the owner/lessor of a certain Option 61C telecommunications system ("Telecommunications System") located at 55 Walnut Street, Norwood, NJ 07648, for which Customer desires DATA-COM to perform certain maintenance services; and

WHEREAS DATA-COM desires to perform such services on the terms and conditions set forth in this Agreement and any Service Plan attached hereto.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth herein, the parties agree as follows:

1. **Service Plan/Maintenance.** Customer warrants and represents that it is the owner of the Telecommunications System or that it has the authorization of the owner of the Telecommunications System to enter into this Agreement and Service Plan. Customer orders from DATA-COM maintenance for the Telecommunications System as specifically set forth in the Service Plan attachment annexed hereto and made a part hereof. Service Plan shall mean any of the following service plans, which which Service Plan specifically sets forth the maintenance services to be provided to CUSTOMER by DATA-COM:

   _____  I Full Service Plan;
   _____  II Full Service Plan with Full Day Resident Technician;
   _X___  III Full Service Plan with Eight Hour per week (Two Four Hour Days) Technician;
   _____  IV Switch Only Service Plan with Set Replacement;
   _____  V Switch Only Service Plan

2. **Service Fee.** Customer agrees to pay to DATA-COM the annual Service Fee (the "Service Fee") of $39,000.00, as set forth specifically in the Service Plan, such Service Fee to be paid in advance in equal quarterly installments of $9,750.00, commencing on the date first set forth above and the anniversary dates thereof, plus all applicable taxes when due. All amounts past due more than thirty (30) days from the invoice date shall accrue a late payment service charge of one and one-half percent (1.5%) per month. CUSTOMER WILL PROVIDE WRITTEN EVIDENCE OF ITS TAX EXEMPT STATUS IF IT CLAIMS SUCH STATUS.

3. **Term.** The term of this Agreement (the Initial Term) shall be for a period of (3) years commencing on the June 1, 2005 (the" Commencement Date"). At the end of the Initial Term, this Agreement will automatically renew at Data-Com's then current charges for Maintenance, unless either party provides written notification to the other party at least sixty (60) days before the expiration of the then current term, of said party's intention to terminate the Agreement. On the anniversary date of the Agreement, the annual Service Fee as defined and set forth in Section 3 below may be increased annually on thirty days written notice from DATA-COM to Customer by no more than five percent (5%) per year. The annual Service Fee for maintenance services provided by DATA-COM hereunder plus applicable taxes shall be paid in accordance with the terms of this Agreement and the Service Plan attached hereto and made a part hereof.

Data-Com Telecommunications, Inc.

4. <u>Service Fee Adjustments</u>: Moves, additions, deletions or other changes that adjust the station or port count as well as upgrades and new peripheral devices ("Modifications") will necessitate adjustment of the Service Fee at the next anniversary date of the Agreement. The Service Fee will be adjusted, either up or down, as the case may be, in accordance with DATA-COM's then current rates as set forth in the most current Exhibit "A" Service Plan attached to the Agreement. DATA-COM will include Modifications performed by a party other than DATA-COM only if such Modifications are certified, at Customer's sole expense, to be in accordance with all applicable manufacturer's standards for service and maintenance. Customer hereby acknowledges and agrees that Modifications, including software upgrades, performed or supplied by unauthorized distributors, may result in a denial of software support services from the manufacturer of the System.

5. <u>Terms and Execution</u>. This Agreement includes the Provisions stated in this Agreement and the Service Plan attached as Exhibit "A." This Agreement binds Customer to pay the first quarterly Service Fee installment when this Agreement is executed by the Customer and this Agreement binds DATA-COM when this Agreement is signed by DATA-COM and delivered to Customer. Notwithstanding the foregoing, in the event that a binding contract is affected, Customer's obligation to pay shall be retroactive to the date that Customer executed the Agreement, or at any other date as the parties may agree to in writing. Customer acknowledges and agrees that it has read this Agreement and the Service Plan and has received and reviewed any and all documents and attachments referenced in said documents, understands each and every document and all the provisions thereof, and is bound by the terms of the Agreement, Service Plan and all attachments thereto.

6. <u>Service Obligations</u>.

   (a)  DATA-COM shall respond to Telecommunications System failures, either on-site or remotely, during the hours, and in accordance with the terms and conditions specified n this Agreement and the Service Plan attached hereto.

   (b)  Maintenance service for hardware shall consist of furnishing all parts and labor necessary to maintain the Systems in good operating condition as a result of Customer's normal use. Repair and replacement parts may be new or like new. Maintenance service for software will include provision of all maintenance releases and patches, which are necessary to correct problems, which Customer has encountered in the performance of the software. Upon reasonable notice to the Customer, DATA-COM reserves the right, in its sole discretion, to subcontract any and/or all of the work to be performed by DATA-COM under this Agreement.

7. <u>Limitation of Liability</u>.

   (a) IN NO EVENT SHALL DATA-COM, ITS AGENTS, ASSIGNS, AFFILIATES, SUPPLIERS AND/OR CONTRACTORS BE LIABLE FOR (i) ANY SPECIAL, INCIDENTAL, EXEMPLARY, OR CONSEQUENTIAL DAMAGES, AND/OR (ii) COMMERCIAL LOSS OF ANY KIND  (INCLUDING LOSS OF BUSINESS OR PROFITS), AND/OR (iii) ANY DAMAGES OF ANY KIND RESULTING FROM UNAUTHORIZED USE OF THE TELECOMMUNICATIONS SYSTEM, INCLUDING, WITHOUT LIMITATION, TOLL FRAUD OR OTHER UNAUTHORIZED USE OF THE SYSTEM, WHETHER OR NOT SUCH DAMAGES WERE FORESEEN AT THE TIME THIS AGREEMENT OR ANY ORDER WAS MADE. THIS PROVISION APPLIES TO ALL CLAIMS WHETHER BASED UPON BREACH OF WARRANTY, BREACH OF CONTRACT, NEGLIGENCE, PRODUCT LIABILITY, STRICT LIABILITY IN TORT OR

Data-Com Telecommunications, Inc.

ANY OTHER THEORY OF LIABILITY, AND WHETHER DATA-COM, ITS AGENTS, ASSIGNS AFFILIATES, SUPPLIERS AND/OR SUBCONTRACTORS HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGE OR LOSS.

(b) DATA-COM, its employees, agents, representatives and/or contractors shall not be liable for any damage to the Telecommunications System, unless such damage is the direct result of the gross negligence of DATA-COM, its employees, agents, representatives and/or contractors. DATA-COM's liability is limited to repair of the Telecommunications System or component thereof, or if the component cannot be repaired, replacement with a compatible Telecommunications System or component, and is otherwise limited as set forth in the preceding section.

(c) DATA-COM'S LIABILITY AS STATED ABOVE IN SECTION 7(b), SHALL BE IN LIEU OF, AND THIS AGREEMENT EXCLUDES, ALL OTHER EXPRESS OR IMPLIED WARRANTIES, INCLUDING, BUT NOT LIMITED TO, THE WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE. DATA-COM DISCLAIMS ANY WARRANTY TO PREVENT UNAUTHORIZED USE OF THE TELECOMMUNICATIONS SYSTEM, INCLUDING, BUT NOT LIMITED TO, TOLL FRAUD.

(d) Each party shall defend, indemnify and hold harmless the other party from and against any and all claims, demands losses, orders, judgments arising out of bodily injury, including death, or damage to tangible property to the extent such injury or damage is caused by the negligence of the indemnifying party, provided that such claim is reported in writing to the indemnifying party within forty five (45) days of the claim.

8. **Access.**

(a) Customer agrees to permit and arrange reasonable access to the Premises necessary for DATA-COM's employees, agents, and/or contractors to perform the services set forth in this Agreement, and will make available a reasonable amount of secure space for storage by DATA-COM of repair parts as necessary. DATA-COM shall not be responsible for any delay in the provision of maintenance service occasioned by any security clearance necessary to gain access to the Premises or otherwise.

(b) Customer represents and warrants that Customer's System location and conditions to be encountered by DATA-COM at 55 Walnut Street, Norwood, NJ 07648 and in areas where work is to be performed shall (i) be in compliance with all applicable federal, state and local health and safety laws, rules and regulations, including the Occupational Safety and health Administration's ("OSHA") rules and regulations, (ii) be safe and non-hazardous, and (iii) not contain, present, or expose DATA-COM, it employees and/or representatives to hazardous materials or hazardous substances. In the event of breach of the foregoing, DATA-COM may immediately suspend work until Customer has promptly corrected such conditions at Customer's sole expense. DATA-COM shall not be liable for delays caused by such suspension of work. Customer agrees that DATA-COM shall not be liable for any cost associated with the removal or remediation of any hazardous material (e.g., asbestos) or correction of any hazardous condition that affects DATA-COM's performance under this Agreement or Service Plan.

In the event Customer cannot or does not correct such condition within thirty (30) days, DATA-COM, in its sole discretion, may either recommence performance hereunder or

3

Data-Com Telecommunications, Inc.

terminate this Agreement. Any termination by DATA-COM because of its opinion that an unsafe environmental condition exists will not be deemed a breach of this Agreement or a default hereunder and no liability for such decision will attach.

9. **Exclusions.** Except as set forth in the Service Plan Attachment, maintenance service provided under this Agreement excludes repairs or replacements caused by: (i) damages to the Telecommunications System due to fire, explosions, power irregularities, power surges, Acts of God (including, without limitation, earthquakes, rains, floods or lightning), or any other cause not attributable to DATA-COM (except for a defect in the System); (ii) Customer's failure to follow applicable operation, maintenance, or environmental requirements described in any of the manufacturer's manuals, DATA-COM manuals, and any other materials provided to Customer, including, but not limited to, manufacturer's product bulletins; (iii) Customer's additions, alterations, modifications, enhancements or repairs to or disassembly of the System (itself or using a third party) without DATA-COM's prior written consent, (iv) mishandling, abuse, misuses, or damage to the Telecommunications System by Customer or any third party; (v) relocation of the Telecommunications System without DATA-COM's prior written consent (other than telephone instruments relocated in accordance with the manufacturer's specifications); (vi) or failures or changes required or resulting from the actions of local exchange company, inter-exchange carrier, the power company or other transmission providers. DATA-COM may at its option, terminate its maintenance obligations or perform repairs necessitated by the excluded causes in sections (i) through (vi) above, upon Customer's prior written request, and at DATA-COM's then current rates for labor and equipment.

10. **Default.** If Customer fails to make any payment to DATA-COM promptly when due, or if at any time Customer cannot give DATA-COM reasonable written assurance of its solvency, or if Customer is named (whether voluntarily or involuntarily) as debtor in any proceeding brought under any bankruptcy laws (and such proceedings, if involuntary, are not set aside within 60 days), or if Customer shall assign all or a substantial portion of its assets for the benefit of creditors, or if Customer breaches any other material provision of this Agreement or any attachment hereto, upon twenty (20) days written notice, Customer shall be in default hereunder, and all unpaid amounts shall, at DATA-COM's option, become immediately due and payable. Upon Customer's default, DATA-COM (a) shall have all the rights and remedies available at law or equity (except as specifically limited elsewhere in this Agreement), (b) may immediately stop all work in progress under all Service Plans and attachments hereto, and (c) may void all Service Plans. Such remedies shall be cumulative and shall be in addition to any other remedies available at law or in equity.

11. **Force Majure.** DATA-COM shall not be liable for any delay or suspension of DATA-COM's performance hereunder, to the extent such delay or suspension of performance is caused by factors beyond DATA-COM's reasonable control, including, but not limited to: strike, work stoppage, fire, water, flood, lightning, terrorism, governmental action, acts of God (including, without limitation, earthquakes, rains, floods or lightning) or acts of a public enemy, and/or delays of suppliers, subcontractors, power company, local exchange company, or any other carrier.

12. **Waiver.** The waiver by either party of any default hereunder will not operate as a waiver of any subsequent default.

13. **Entire Agreement.** This Agreement, the Service Plan and any documents attached thereto, is the sole agreement between the parties hereto relating to the subject matter hereof, and supercedes all prior or contemporaneous understandings, writings, proposals, representations, communications and/or negotiations, both oral and written, of either party. Any representations, warranties or statements made by an employee, salespersons, or agents of either party and not expressed in the aforementioned documents are not binding upon either Party.

4

Data-Com Telecommunications, Inc.

14. **Severability**. If any term of this Agreement is held invalid or unenforceable by a court of competent jurisdiction, the remainder of this Agreement shall not be affected and each term and provision hereof shall continue in full force and effect. In such case, a provision as close as possible to the parties' intent in the invalid or unenforceable provision, but which is valid and enforceable, shall be substituted by the Court for the invalid or unenforceable provision.

15. **Modification**. No provision of this Agreement may be waived or modified except in a writing executed by the parties.

16. **Jurisdiction**. The parties hereto consent to the jurisdiction of the Courts of the State of New York, and this Agreement shall be construed in accordance with and governed under the laws of the State of New York, except for its conflict of laws provisions.

17. **Assignment**. This Agreement shall not be assigned, in whole or in any part, by Customer without the prior written consent of DATA-COM. Any attempt to assign any of the rights, duties or obligations under this Agreement without such consent shall be deemed null, void and of no force and effect. DATA-COM may assign this Agreement, in whole or in part, to an affiliate, subsidiary, or third party with whom DATA-COM merges, or which acquires substantially all of DATA-COM's assets.

18. **Notices**. All notices and other communications to be given hereunder to any party shall be in writing and shall be deemed to have been duly given if delivered personally or sent by overnight delivery or registered or certified mail with return receipt requested to the parties at their respective addresses set forth above (or such other address as the party shall designate in writing). A copy of each notice to DATA-COM shall be sent to the attention of the Chief Financial Officer, DATA-COM, at the address first set forth above.

19. **Captions**. The captions and section headings in this Agreement are for convenience only and in no way define, limit or describe the scope or intent thereof, or in any way affect the construction of this Agreement.

20. **Authority**. Each party represents that it has the power and authority to enter into this Agreement and any Service Plan and/or other attachment annexed hereto, and that this Agreement and any such attachment hereto contain the entire agreement of the parties with respect to the subject matter hereof and supercede all prior proposals, understandings, agreements and representations between the parties, written or oral, and constitutes a binding obligation upon each party.

21. **Collection Costs**. If DATA-COM is required to incur any costs or expenses due to Customer's failure to perform any obligation or make any payment due hereunder, DATA-COM shall be entitled to recover from Customer, in addition to any amounts due under this Agreement, all such costs and expenses, including, without limitation, all reasonable attorneys' fees, court and related costs.

In WITNESS WHEREOF, the parties have executed this Agreement on the date set forth below.

DATA-COM
TELECOMMUNICATIONS, INC.

CUSTOMER

By: *[signature]* VP

By: *[signature]* CIO

DATED: 5/27/05

DATED: May 26, 2005

5

Data-Com Telecommunications, Inc.

## SERVICE PLAN ATTACHMENT
### SERVICE OPTION: Full Service with Half (1/2) Day Resident Technician

1. The configuration of the System covered by this Service Agreement is described in Exhibit A – System Information, attached hereto.

2. Except as set forth in Paragraph 3 of this Attachment, Service shall be performed by a DATA-COM Eight Hour per week (Two Four Hour Days) Resident Technician between 1:00 PM and 5:00 PM, EST two days per week (Days must be Monday through Friday), except DATA-COM Holidays.

3. If Customer requires DATA-COM Resident Technician beyond the eight hours per week then Customer will be billed at a reduced MAC rate of $75.00 per regular time hour for this Technician. Customer required to give DATA-COM three day notice if requesting additional hours for the Resident Technician.

4. If an Emergency exists and DATA-COM is unable to remotely correct the malfunction, DATA-COM shall dispatch a technician to the Service Site within two (2) hours of Customer's request for Service, without regard to the time of day or the day of the week.

5. Customer's, at its expense, shall provide a modem or other remote access device. as specified by DATA-COM, to allow DATA-COM to remotely correct malfunctions of the Hardware. Provided that Customer has complied with the requirements of the preceding sentence, DATA-COM will provide 24 hours per day, 7 days per week monitoring of Customer's system for identification of Emergency and non-Emergency malfunctions.

6. DATA-COM shall perform preventive maintenance with respect to the Hardware in accordance with and at such times as are specified in the manufacturer's specifications therefore.

7. DATA-COM agrees to perform a quality audit at no charge to Customer. If the quality audit performed by DATA-COM reveals any aspects of the System to be not in accordance with Manufacturer Standards, any labor and/or materials required (a) to bring the system up to Manufacturer Standards and (b) for Service as a result of the above, through no fault of DATA-COM; will be performed by DATA-COM with the customers consent at the Customer's sole expense, and invoiced at DATA-COM'S then current labor rates. Customer agrees to correct any deficiencies found on the quality audits performed within (90) days of execution of this Contract. If the Customer, for whatever reason, chooses not to correct deficiencies found on the quality audits within 90 days, those specific deficiencies would be chargeable on a Time and Material basis if they were found to be service effecting.

8. If Customer does not require DATA-COM Resident Technician on a particular day then Customer may carry those unused hours for 30 days. Customer must notify DATA-COM that it does not require Resident Technician two business days prior to the regularly scheduled day. In some instances the needs of DATA-COM's business could prevent a reschedule on the Customer's requested alternative day(s). In these instances both parties agree to work in good faith to schedule a convenient alternative date(s) to satisfy the needs of the other.

9. All times stated in this Service Plan Attachment are Eastern Standard Times unless otherwise noted.

DATA-COM                                    CUSTOMER

BY: _____  VP            BY: _____  CIO
    Signature/Date                              Signature/Date

    MAY 27, 05                                   May 26, 2005

6

Exhibit "B"

## CONDON RESNICK, LLP
ATTORNEYS AT LAW
96 SOUTH BROADWAY
NYACK, NEW YORK 10960

---

BRIAN K. CONDON*
DAVID J. RESNICK

ELLEN O'HARA WOODS*

845.358.8900
FAX 845.358.8901
SENDER EMAIL:
BRIAN@CONDONRESNICK.COM

DAWN CONGIUSTI †
ELIZABETH DOUGHERTY †

† PARALEGAL
*ADMITTED IN NEW YORK AND NEW JERSEY

December 26, 2006

<u>Via Overnight Mail - Cert. Mail - R.R.R.</u>

Empire International Ltd.
55 Walnut Street
Norwood, New Jersey 07648

Re: Service Maintenance Agreement
<u>Data-Com Telecommunications, Inc. adv. Empire International Ltd.</u>

Dear Empire International Ltd.

Please be advised that our office represents Data-Com Telecommunications, Inc. ("Data-Com") and it is in this capacity in which I write. As of December 19, 2006, Empire International Ltd. is indebted to Data-Com in the sum of $33,060.66 for services rendered but not paid.

Pursuant to Paragraph 11 of the Service Maintenance Agreement dated May 26, 2005, you have twenty (20) days from receipt of this letter to make payment in the sum of $33,060.66 or you shall be deemed to be in default and all unpaid amounts shall become immediately due and payable.

I trust you will be guided accordingly.

Very truly yours,

CONDON RESNICK, LLP

By: /s/ Brian K. Condon
Brian K. Condon

cc: Data-Com Telecommunications, Inc.

```
7006 0100 0007 0905 2548
```

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ .39 | 6SAUE9523151-FedEx |
| Certified Fee | 2.40 | |
| Return Receipt Fee (Endorsement Required) | 1.85 | Postmark Here EMC Datacom 12/26 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 4.14 | |

Sent To: Empire International Ltd
Street, Apt No. or PO Box No.: 5 Walnut Street
City, State, ZIP+4: Norwood, New Jersey 07648

PS Form 3800, June 2002       See Reverse for Instructions