EXHIBIT F

Case 1:07-cv-03207-WHP    Document 10-9    Filed 07/02/2007    Page 1 of 5

Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------------------------

DATA-COM TELECOMMUNICATIONS, INC.   Index No. 2006/07

                  Plaintiff,   **AMENDED**
      -against-   **PETITION FOR REMOVAL**

EMPIRE INTERNATIONAL LTD.,

                Defendants.
--------------------------------------------------------------

**TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

Pursuant to 28 U.S.C.A § 1441 and 1446 defendant EMPIRE INTERNATIONAL LTD. (hereinafter "Empire"), the removing party, by the undersigned attorney(s), submit(s) this Amended Petition for Removal, and state(s) as follows:

1. On March 1, 2007, the above-captioned action was commenced against Empire in the Supreme Court of the State of New York, County of Rockland, and is now pending.

2. The Southern District of New York includes the county in which this action is pending.

3. The grounds for removal of this action are diversity of citizenship pursuant to 28 USCA § 1332. Removal of this action is, therefore, proper under Section 1441 of Title 28 of the United States Code because this is a civil action brought in state court over which the Federal district courts would have original jurisdiction had the action been commenced in Federal Court.

4. It was originally believed that Empire was served via the New York Secretary of State with a Summons and Complaint in this action through its registered corporate agent on

42540/0027-3106189v1

March 21, 2007 (Attached as Exhibit A is a true and accurate copy of the Original Petition to Removal).

5. After service and filing of Empire's Petition to Remand, it was later learned that Empire had not been served by the Secretary of State but was in fact improperly personally served.

6. Plaintiff attempted personal service on Empire by serving an Empire employee. (Attached as Exhibit B is a copy of Plaintiff's Affidavit of Service.) The employee, Donna Barringer, is not an officer or director of Empire. Nor is the employee a designated agent of Empire who is authorized to accept service of process on behalf of Empire.

7. Under NY CPLR § 311, personal service on a corporation can only be made upon any domestic or foreign corporation, to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service. A business corporation may also be served pursuant to section three hundred six or three hundred seven of the business corporation law. See NY CPLR § 311.

8. Therefore, Empire has never been properly served as per the requirements of NY CPLR § 311.

9. As such, this Petition for Removal is timely under Section 1446(b) of Title 28 of the United States Code because the summons and complaint were never properly served on the defendant. Under 28 USCA § 1446, Defendant's time to remove this Petition for Removal begins 30 days after formal, proper, service of the Summons and Complaint and is, therefore, timely filed, as formal, proper, service has never been effected against the defendant.

10. Upon information and belief, no other parties have been joined and served as defendants in the above captioned action.

11. At the time plaintiff commenced this action in State Court and at the time of removal, the Removing Party was and is a citizen and resident of the State of New Jersey, with its principal place of business at 55 Walnut Street, Norwood, NJ 07648.

12. Upon information and belief, at the time plaintiff commenced this action in state court and at the time of removal, plaintiff was and is a corporation with its principal place of business at 75 Broad Street, New York, New York 10004.

13. Complete diversity of citizenship exists as between plaintiff and defendants.

14. Plaintiff's complaint seeks damages in the amount of $98,060.66, exclusive of interest and costs. The amount in controversy exceeds the jurisdictional minimum of this Court.

15. Written notice of filing of this Amended Petition for Removal will be given to plaintiff, and a copy will be filed in the appropriate State court, as required by 28 USCA § 1446(d).

16.     In filing this Petition for Removal, the Removing Party does not waive any defense that may be available to them.

DATED:      New York, New York
            June 28, 2007

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
A Professional Corporation
Attorneys for Defendants
EMPIRE INTERNATIONAL LTD.

By: _____
LEO V. LEYVA (LL-9061)
STEVE M.S. MADRA (SM-5868)
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000

To:
Brian K. Condon, Esq.
CONDON RESNICK LLP
Attorneys for Plaintiff
96 South Broadway
Nyack, NY 10960
(845) 358-8900

4

42540/0027-3106189v1