UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Case No.: 07 CV 3207
DATA-COM TELECOMMUNICATIONS, INC.,

                Plaintiff,                        **AFFIRMATION IN SUPPORT**
                                                                  **OF PLAINTIFF'S MOTION FOR**
                                                                   **REMAND AND IN OPPOSITION**
     -against-                                        **TO DEFENDANT'S CROSS-**
                                                                   **MOTION TO AMEND THE**
                                                                   **PETITION FOR REMOVAL**

EMPIRE INTERNATIONAL LTD.,

                Defendant.
------------------------------------------------------------------X

       BRIAN K. CONDON, an attorney duly admitted to the practice of law in New York State, does hereby affirm the following to be true under the penalty of perjury.

       1.      This Affirmation is submitted in support of Plaintiff's Motion to Remand and in Opposition to Defendant's Cross-Motion to Amend the Petition for Removal in this matter.

       2.      As is stated in the supporting papers to the Plaintiff's Motion, the Defendant's petition for removal was untimely pursuant to the 30-day time limit set forth in 28 USC §1446(b) and, moreover, the parties' forum selection clause should be given conclusive effect. Further, the Defendant's Cross-Motion to Amend the Petition for Removal should be denied in its entirety, in that the amendment the Defendant seeks to make is not merely the correction of a technical defect, but instead goes to the crux of the issue.

       3.      The relevant factual history of this matter is fully set forth in the Plaintiff's Motion to Remand previously submitted and need not be recounted herein.

## THE DEFENDANT'S PETITION FOR REMOVAL IS UNTIMELY

4. As noted in the Plaintiff's underlying Motion to Remand, the Defendant's Petition for Removal is untimely, because it was not filed within 30 days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief" 28 USC §1446(b). See *Bothelo v. Presbyterian Hospital in the City of New York, 961 F.Supp. 75 (SDNY 1977), citing 28 USC §1446(b)*.

5. The Defendant's opposition to the Plaintiff's Motion to Remand is devoid of a proper basis upon which this Court could grant an extension of the section 1446(b) time requirement. Indeed, a showing of cause to justify such an extension "is rarely found, in keeping with the practice of construing the removal statutes in favor of remand." *Boland v. Bank Sepah-Iran, 614 F.Supp. 1166, 1169 (DCNY 1985)*.

6. In its opposition papers, the Defendant claims that it was not properly served with the summons and complaint and that therefore its Petition for Removal is not untimely. However, the Defendant's contention is directly refuted by the affidavit of service for the summons and complaint (Exhibit "**A**") as well as the Affidavits of Karen Bell in Support of Plaintiff's Motion to Remand, the first of which was previously annexed to the Plaintiff's initial motion papers and the latest one which is annexed hereto.

7. In its Petition for Removal, the Defendant incorrectly asserted that it had been served via the Secretary of State of the State of New Jersey on March 21, 2007 (*see* Petition for Removal at ¶ 4).

8. In fact, the Defendant was personally served at its offices in New Jersey on March 9, 2007 (*see* Affidavit of Service which is annexed hereto as **Exhibit "A"**).

9. The Defendant acknowledges that it "incorrectly assumed that it had been served via the Secretary of State on March 21, 2006 *(sic)*" (Defendant's Memorandum of Law at Page 4).

10. However, the Defendant attempts to explain this error by claiming that Donna Barringer - Defendant's Corporate Controller - was not authorized to accept service of process. That is ludicrous.

11. Ms. Barringer's affidavit indicates that she both **accepted and signed** for the summons and complaint (Barringer Affidavit at ¶ 6).

12. According to Ms. Barringer, the corporate controller, she signed "a paper" that the process server gave her (Barringer Affidavit at ¶ 6).

13. Also, Barringer incorrectly claims that the summons and complaint were enclosed in either a "package" (Barringer Affidavit at ¶¶ 6-7) or an "envelope" (Barringer Affidavit at ¶ 8).

14. Ms. Barringer's affidavit is directly refuted by that of Karen Bell, who has been a process server for approximately 7 years. As such, Ms. Bell is well aware of the requirements of proper service, including the fact that legal papers to be served are not to be enclosed in packages or envelopes. (See Bell Affidavit which is annexed hereto)

15. When Ms. Bell entered the Defendant's offices at 55 Walnut Street, Norwood, New Jersey, she immediately announced that she was serving legal papers (See Bell Affidavit at ¶ 4).

16. Contrary to Ms. Barringer's claim, the papers were not in a "package" but were instead stapled together and clearly labeled "Summons and Verified Complaint" (Bell Affidavit at ¶ 7).

17. Ms. Bell never indicated that she was a messenger (Bell Affidavit at ¶ 5).

18. After Ms. Bell announced that she was there to serve legal papers, Ms. Barringer told Ms. Bell that she would accept service (Bell Affidavit at ¶ 6). Subsequently thereafter, Ms. Bell duly filed the Affidavit of Service.

19. It is difficult to imagine that the corporate controller of "one of the largest providers of chauffeured transportation services in the world," which "maintains a presence in over 250 cities" (Defendant's Memorandum of Law at Page 1), would not know the significance of accepting service of process on behalf of her employer.

20. Ms. Barringer offers no reason for her stated belief that Ms. Bell "was a messenger" (Barringer Affidavit at ¶ 6).

21. Equally unpersuasive is Barringer's claim that she "thought [she] was signing an acknowledgment of [her] receipt of the package" when she signed Ms. Bell's service book (Barringer Affidavit at ¶ 6).

22. Further, since the summons and complaint were not enclosed in a package or an envelope, Ms. Barringer's assertion that "after receiving the package" she forwarded it to her supervisor unopened is patently false, as is her statement that "only now have I become aware that it contained a summons and complaint" (Barringer Affidavit at ¶ 7).

23. Given that service was appropriately completed on March 9, 2007, the Defendant's Petition for Removal was untimely, and the Defendant has failed to proffer an appropriate excuse therefore to overcome the strict time requirements of 28 USC §1446(b). Thus, the Defendant's assertion that its "time to file a petition for removal has not begun to run" (Defendant's Memorandum of Law at Page 7), is incorrect, and the Defendant's Motion to Amend the Petition must be denied.

24. When a party seeks to amend a defective petition for removal, the Court must first resolve the nature of the defect. Where the defect is "fundamental," the notice of removal may not be timely amended. *CBS v. Snyder, 762 F.Supp. 71, 73 (SDNY 1991), citing Conticommodity Services, Inc. v. Lemme, Slip Op. No. 82 Civ. 6930 (SDNY March 3, 1983).*

25. The Defendant argues that the proposed amendment - which includes its allegation that it was never properly served and that therefore its Petition for Removal was not untimely - is a "technical defect" (Defendant's Memorandum of Law at Page 6).

26. However, the cases upon which the Defendant relies offer no support for its application, since they pertain to the amendment of deficient allegations of diversity in a petition for removal. *Lombardi v. Paige, 2001 WL 303831 (SDNY 2001)* (defendants sought to amend notice of removal which failed to allege citizenship at the time of the commencement of the proceedings); *CBS v. Snyder, 762 F.Supp. 71, 74 (SDNY 1991)* (defendants were permitted to amend notice of removal "by amplifying the allegations of citizenship.")

27. The cases relied upon by the Defendant merely establish that courts generally allow amendments which "express that which would normally be assumed from the facts alleged;" in other words, when the petition for removal exhibits a "good faith, albeit clumsy" attempt to allege the factual requisites of federal jurisdiction, an amendment to clarify those requisites is permissible. *CBS v. Snyder*, 762 F.Supp. at 74. The situation at bar is very different.

28. The Defendant's proposed amendment is not an attempt to flesh out a poorly-worded jurisdictional claim; rather, the proposed amendment goes to the timeliness of the petition itself.

29. Here, the Defendant does not, and can not, establish that the Petition for Removal is not time-barred by 28 USC §1446(b), notwithstanding its reliance on the suspect affidavit of its corporate controller. Because the Defendant was properly served pursuant to the statute, the Petition is time-barred.

### THE PARTIES' FORUM SELECTION CLAUSE SHOULD BE ENFORCED

30. It is undisputed that the Agreement executed by the parties herein includes the following express provision: "The parties hereto consent to the jurisdiction of the Courts of the State of New York and this Agreement shall be construed in accordance with and governed under the laws of the State of New York, except for its conflict of laws provision" (Agreement at ¶ 16).

31. Despite the clear language of this provision, however, the Defendant contends that "Empire merely consented to the Courts of the State of New York as one of many possible venues where litigation between the parties may be resolved" (Defendant's Memorandum of Law at P. 10).

32. The Defendant's reliance on *Coface v. Optique Du Monde, Ltd., 521 F.Supp. 500 (SDNY 1980)* does not mandate a different result. In *Coface*, the contract included a provision whereby the parties <u>specifically consented</u> to the jurisdiction of the Federal Courts: "Optique and the Edidins 'consent to the jurisdiction of the State and Federal courts sitting in New York in any action arising out of or connected in any way with this Agreement'" *Coface v. Optique Du Monde, Ltd., 521 F.Supp. at 503.*

33. Further, *Leasing Services v. Patterson Enterprises, Ltd., 633 F.Supp. 282 (SDNY 1986)* involved a motion to transfer pursuant to 28 USC §1404. Under 28 USC §1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

34. Of course, a motion under this section presumes that jurisdiction in the district court exists in the first place. The Defendant, however, has not established that this Honorable Court has jurisdiction.

35. Where, as here, the contract provides a specific state court with exclusive venue for litigation, "a federal court must enforce the contractual venue choice by remanding to that specific state court." *General Electric Company v. Southwest Silicone Company, 1991 WL 16022, *5 (NDNY 1991).*

36. The forum selection clause herein was "part of the bargain into which [the parties] freely entered, and must therefore be enforced." *General Electric Company, 1991 WL 16022 at *5, citing Bense v. Interstate Battery System of America, Inc., 683 F.2d 718, 720 (2d Cir. 1982).*

37. Therefore, for the foregoing reasons, the matter must be venued in the State Courts, namely, the Rockland County State Supreme Court.

## PLAINTIFF IS ENTITLED TO COSTS AND ATTORNEY'S FEES

38. While 28 USC §1447(c) provides that an order remanding a case to the state court may require payment of just costs and expenses incurred as a result of the removal, the Defendant argues that such an award would be an abuse of discretion. The Defendant's argument is unavailing.

39. First, the Defendant claims that "plaintiff's initial error in service . . . created a cloud over when Empire was actually served" (Defendant's Memorandum at 11). On the contrary, any "cloud" has been created by the Defendant's specious allegation that its corporate controller did not know that she was accepting service of process on the Defendant's behalf, although she physically

accepted and signed for the clearly-marked summons and complaint - in addition to the fact that the Defendant blatantly mis-stated that it was served via the Secretary of State, without any basis whatsoever.

40. Second, the Defendant's claim that it "relied on colorable legal arguments" (Defendant's Memorandum at page 11) does not defeat the Plaintiff's right to costs and fees; nor does the Defendant's third claim that it did not act in bad faith (Defendant's Memorandum at page 12).

41. A finding of bad faith is not required in order for a Court to award costs and fees. For example, in *Morgan Guarantee Trust v. Republic of Palau, 971 F.2d 917, 923 (2d Cir. 1992)*, the Second Circuit specifically noted that 28 USC §1447(c) "makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject matter jurisdiction."

42. This reasoning is entirely appropriate, given the ease with which a defendant may remove a case from state to federal court under the statute:

> A defendant removes a case from state to federal court simply by filing a signed notice of removal in the United States district court. *See* 28 USC §1446(a). While the simplicity of this procedure facilitates removal, it also exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring plaintiff to appear in federal court, prepare papers and litigate, merely to get the action returned to the court where the plaintiff initiated it.

*Circle Industries USA v. Parke Construction Group, 183 F.3d 105, 109 (2d Cir. 1999)*.

43. Given that the Plaintiff appropriately brought this action in the state court, it is well within this Court's discretion to award to the Plaintiff the costs and attorney's fees incurred in having this action returned to that court.

44. In sum, for these reasons and those set forth in the underlying Motion, this matter should be remanded to the state court and the Defendant's Motion to Amend the Petition should be denied in its entirety.

Dated: Nyack, New York
      July 10, 2007

Yours, etc.,

CONDON RESNICK, LLP

By: _____
    BRIAN K. CONDON (BC 4683)
*Attorneys for Plaintiff*
96 South Main Street
Nyack, New York 10960
(845) 358-8900

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DATA-COM TELECOMMUNICATIONS, INC.,

                                                  Plaintiff,           Index No. 07-CV-3207

      -against-                                                  **AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

EMPIRE INTERNATIONAL LTD,

                                             Defendant.
-----------------------------------------------------------------X
STATE OF NEW YORK    )

COUNTY OF ROCKLAND  )

      KAREN BELL, being duly sworn, deposes and says:

      1.    I am a process server, over the age of 18 years, and am not a party to this action; I am fully familiar with all of the facts and circumstances set forth herein.

      2.    On March 9, 2007, I personally served a copy of the annexed Summons and Verified Complaint on Defendant, EMPIRE INTERNATIONAL LTD.

      3.    On that date, I personally entered the Defendant's corporate offices located at 55 Walnut Street, Norwood, New Jersey 07648 for the purpose of serving the Summons and Verified Complaint.

      4.    When I entered the offices, I clearly stated that I was there to serve legal papers.

      5.    I was not dressed as a messenger and I did not indicate that I was a messenger.

      6.    Ms. Barringer told me that she would accept service.

      7.    I then handed Ms. Barringer the Summons and Verified Complaint, which were clearly marked "Summons and Verified Complaint," and which were not contained in an envelope or package or otherwise covered.

8. Having received proper training and having been employed as a process server for approximately seven (7) years, I know that legal papers are not to be contained in an envelope or package or otherwise covered in order to effectuate proper personal service.

WHEREFORE, it is respectfully requested that this Court grant Plaintiff's Motion to Remand this action to the New York State Supreme Court, together with reasonable costs and attorney's fees, and such other, further and different relief as the Court seems just and proper.

Dated: Nyack, New York
July 11, 2007

By: _____
KAREN BELL

Sworn to before me this
11th day of July, 2007

_____
Notary

DAWN L. WITKOWSKI (Congiusti)
NOTARY PUBLIC, STATE OF NEW YORK
#01WI6136038
QUALIFIED IN ROCKLAND COUNTY
COMMISSION EXPIRES 10/31/20__

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK         )
                                              )ss:
COUNTY OF ROCKLAND  )

Dawn L. Congiusti being duly sworn says: I am not a party to the action, am over the age of 18 years and reside at Washingtonville, New York, 10992.

On July 13, 2007, I served one true copy of the annexed AFFIRMATION IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND AND IN OPPOSITION TO DEFENDANT' CROSS MOTION TO AMEND THE PETITION FOR REMOVAL by mailing a copy of the said document in a sealed envelope, with postage prepaid thereon, by depositing same in an official depository of the United Postal Service within the State of New York and addressed as follows:

Steve M.S. Madra, Esq.
Cole Schotz Meisel Forman & Leonard, P.A.
900 Third Avenue, 16th Floor
New York, New York 10022

_____
Dawn L. Congiusti

Sworn to before me this
13th day of July, 2007

_____
Notary Public

ELLEN O'HARA WOODS
Notary Public-State of New York
No. 02WO6058356
Qualified in Rockland County
My Commission Expires May 7, 2011